DECISION AND JUDGMENT ENTRY
This is an appeal from an order of the Lucas County Court of Common Pleas, Juvenile Division, terminating the parental rights of Shaleena D., for all three of her minor sons, Trevor W., Steven D. and Chancelor W., and granting permanent custody of the boys to the Lucas County Children's Services ("LCCS").
The facts and procedure relating to this appeal are as follows. LCCS filed a complaint in the Lucas County Court of Common Pleas, Juvenile Division, seeking a ruling that the three boys in question were dependant and neglected and asking the trial court to award LCCS permanent custody of the boys. LCCS alleged in the complaint that Shaleena had a long history of drug abuse and of criminal activity. LCCS also alleged that the grandparents of the boys had acquired legal custody of all three children in the following manners.
First, the grandparents were awarded legal custody of the older two boys in a private custody action. Next, LCCS filed a complaint in dependency and neglect regarding the baby after police in Toledo, Ohio conducted a drug raid on his mother's home and found the baby in the home. After a hearing, the trial court ruled that the baby was dependant and neglected and awarded temporary custody to the paternal grandparents. Later, after the baby's parents both failed to comply with the case plan established for their reunification with the baby, the court awarded legal custody of the baby to the grandparents.
Because the grandparents were having a difficult time financially caring for the three young boys, LCCS filed the complaint in dependancy and neglect asking for permanent custody of all three boys. LCCS explained that it sought permanent custody so that the grandparents could adopt the boys and qualify for adoption subsidy money.
The trial court scheduled an adjudicatory and a dispositional hearing. At the outset of the adjudicatory hearing, the judge had the persons present identify themselves for the record. Neither parent was present. The judge then noted that service had been made on both parents. He then asked: "Are there any preliminary matters that need to be addressed?"
The attorney appointed to represent Shaleena then addressed the court. She said that she had no contact from her client, despite sending several letters trying to make contact. She said that just that morning she had been told by a caseworker from LCCS that the caseworker gave Shaleena the attorney's name and telephone number two weeks before the hearing, but still she had not heard from Shaleena. The attorney said that as a result, she had no idea what her client's intentions were regarding the case, and she asked for leave to withdraw as counsel of record.
The trial judge granted the request to withdraw, saying that the attorney could not fulfill her obligation to advocate for her client if her client failed to cooperate with the attorney. The judge said he was releasing the attorney from a situation that could lead to potential malpractice or incompetence. The adjudicatory hearing then continued without any representation for Shaleena. When the adjudicatory hearing was complete, the court proceeded to hold the dispositional hearing.
The evidence presented at the hearings showed that Shaleena had not complied with the case plan for reunification with her sons, was sporadic in visitation, and had not seen her sons for several months before the hearing. In addition, Shaleena had a drug abuse problem and was often out of contact with both LCCS and with the paternal grandparents who were caring for her sons. The trial court also had testimony before it to show that Shaleena had finally taken the positive step of seeking treatment for her drug abuse problem.
At the conclusion of the dispositional hearing, the court ruled that LCCS should be granted permanent custody of the three boys. Shaleena filed a notice of appeal from the court's order terminating her parental rights.
Shaleena's counsel appointed for appeal has presented two assignments of error for consideration that are:
 "I. THE APPELLANT WAS DENIED HER RIGHT TO DUE PROCESS WHEN THE COURT PROCEEDED TO HEARING WITHOUT HER PRESENT."
 "II. APPELLANT WAS DENIED HER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO REQUEST A CONTINUANCE SO APPELLANT COULD APPEAR TO TESTIFY, OR IN THE ALTERNATIVE, TO DEPOSE APPELLANT PRIOR TO HEARING."
Because the two assignments of error are interrelated, we will consider them together.
Shaleena first argues that the trial court denied her right to due process when it proceeded to hold the adjudicatory and dispositional hearings without her being present in court. She cites to case law that stands for the proposition that a parent who is incarcerated and therefore cannot attend the hearings in person has a right to present testimony at least by deposition. She acknowledges that Ohio courts have recognized some instances when the presence of a parent at hearings regarding the termination of parental rights can be waived, such as when the parent is fully represented by an attorney at the hearing. She says that the facts in this case do not support a finding that her presence could be waived because: 1) testimony was presented at the hearing that informed the court that she was not present because she was complying with another court order to get treatment at COMPASS for a drug addiction problem; and 2) she was not represented by her attorney at the hearings because the trial court permitted her attorney to withdraw at the outset of the adjudicatory hearing; and 3) the trial court heard testimony from the caseworker that showed that two weeks before the hearing date she had called the caseworker to ask about resuming visitation with her boys and about eventually regaining custody. She says that for all practical purposes, she was "incarcerated" on the day the hearings were held.
Second, she says that the trial court should have continued the case to facilitate her appearance at the hearings. She says that she received ineffective assistance of counsel because her attorney, who learned only the morning of the hearing that Shaleena was admitted at COMPASS for treatment, failed to ask for a continuance so that she could talk with Shaleena about the case or take Shaleena's deposition for presentation as evidence. She says that her attorney's failure to seek a continuance and to present evidence at least in the form of Shaleena's deposition fell below an objective standard of reasonable representation. She says her case was prejudiced because she was denied her due process rights when her counsel failed to seek a continuance, and instead asked for permission to withdraw from representation.
As to her first argument, we note that Shaleena does not challenge the finding of the trial court that she was properly served notice of the hearing. Shaleena also does not dispute the testimony that the caseworker told her about the hearing date two weeks before the hearing, and gave her the name and address of her attorney and told her to call the attorney. Instead, she appears to be arguing that she was free of all responsibility to communicate with her attorney and with the court because she was admitted at a treatment facility for drug addiction. She argues, in effect, that she was denied due process because the trial court did not continue the hearing until she had completed her treatment for her drug addiction, even though she never contacted the court to request a continuance or her attorney to ask the attorney to seek a continuance or to discuss her wishes for the case.
Because a parent facing the termination of parental rights has been equated with a criminal facing the death penalty, Ohio courts are unanimous that great care must be taken to ensure that due process is used in parental termination proceedings. In the Matter of: Adam M. (Aug. 20, 1999), Lucas App. Nos. L-97-1207, L-98-1379, unreported. However, Ohio courts have also recognized that a parent facing termination of parental rights must exhibit cooperation and must communicate with counsel and with the court in order to have standing to argue that due process was not followed in a termination proceeding. See, In the Matter of: James [B.] (Mar. 4, 1996), Stark App. No. 1995 CA 00070, unreported.
In cases where the parent has communicated with the trial court or with counsel to explain a problem with attending the scheduled hearing date, Ohio courts have recognized that the failure of a trial court to take extra care to ensure the parent could be present is an abuse of discretion. See, e.g., In the Matter of: Veronica [D.] (Mar. 31, 2000), Ashtabula App. No. 98-A-0054, unreported; and In the Matter of: Lena[D.] (Dec. 12, 1997), Geauga App. No. 96-G-2020, unreported. In this case, however, the record shows that Shaleena did not cooperate or communicate with the trial court or with her appointed counsel. Accordingly, we cannot find any abuse of discretion on the part of the trial court for not continuing the hearing, and we find no violation of Shaleena's right to due process.
As to her second argument that her attorney was ineffective and prejudiced her case, we begin by noting that the Supreme Court of Ohio has ruled:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)" State v. Bradley (1989), 42 Ohio St.3d 136, 137, paragraph two of the syllabus.
We find that the request for withdrawal under the circumstances in this case was not an act that fell below an objective standard of reasonable representation. Shaleena had not communicated with her attorney despite repeated letters from the attorney to Shaleena and despite the caseworker personally telling Shaleena to call the attorney. The lack of any communication with her client placed the attorney in a position where she was unable to zealously represent her client's interests because she could not even determine what her client's wishes were in the case. Accordingly, the first prong of the test for ineffective assistance of counsel is not met in this case.
Shaleena's first and second assignments of error are not well-taken. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Shaleena is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.